IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. PETKEVICH, | No. C 12-02352 SI |
| Plaintiff, | **ORDER GRANTING MOTION FOR ATTORNEY'S FEES** |
| v. | |
| CAROLYN W. COLVIN, | |
| Defendant. | |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). The motion was filed on March 24, 2014, and has not been opposed by defendant.

Attorney Omar O. Ortega represented plaintiff before this Court on appeal of her unsuccessful application for Social Security Income benefits. By Order dated April 25, 2013, the Court granted in part plaintiff's motion for summary judgment, denied defendant's motion for summary judgment, and remanded for further proceedings before the Administrative Law Judge. Docket No. 16. On June 20, 2013, pursuant to a stipulation, plaintiff was awarded $4,000.00 in attorneys fees and $350.00 in costs under the Equal Access to Justice Act (EAJA). Docket No. 19. On March 15, 2014, the Social Security Administration Commissioner issued a Notice of Award, awarding plaintiff past-due benefits starting in May 2008. Docket No. 20, Ex. D. The Commissioner withheld $10,790.75 from plaintiff's past due benefits, 25 percent of the past-due benefits, in the event plaintiff's counsel were to petition for attorney's fees. *Id*.

Plaintiff's counsel now seeks an award under 42 U.S.C. § 406(b), of $10,790.75 in attorney's fees, which represents 25 percent of the past-due benefits due to Ms. Petkevich. Under the fee agreement between plaintiff and her counsel, plaintiff's counsel is to be paid a total maximum of 25

percent of the past-due benefits for work performed under § 406(a) and § 406(b). Docket No. 20, Ex. A. The fee award would be reduced by $4,000.00 in fees already awarded counsel under EAJA, to be immediately credited back to Ms. Petkevich, for a net fee award of $6,790.75. The government has not objected to the fee request. In support of the motion, plaintiff's counsel has submitted the fee agreement with plaintiff and a declaration describing time spent on the case and setting forth counsel's experience.

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b), "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The Court should consider the character of the representation and the results achieved in making its determination. *Id.* An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and her counsel provides that if plaintiff received a favorable decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits she was awarded. The Court further finds that the work by plaintiff's counsel was not insubstantial; plaintiff's counsel was successful in having this matter remanded back to the Social Security and plaintiff prevailed on remand and obtained past-due benefits as well as ongoing benefits. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789; *see Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003).

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney's fees and awards fees in the amount of $10,790.75 pursuant to 42 U.S.C. § 406(b)(1)(A). The Court further

directs the amount of $4,000.00, previously awarded and delivered to counsel under the EAJA, be credited to Ms. Petkevich and offset against this sum, for a net total attorney's fee under § 406(b) of $6,790.75.

**IT IS SO ORDERED.**

Dated: April 7, 2014

SUSAN ILLSTON
United States District Judge